UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

```
┌─────────────────────────────┐
│                             │
│ ROBERT JOSEPH GRILLS, JR.,  │   Before: Pogue, Judge
│                             │
│             Plaintiff,      │
│                             │
│                             │   Civil Action No.
│         -against-           │   2:08-CV-15-UA-DNF
│                             │
│ PHILIP MORRIS USA, Inc., et al., │
│                             │
│             Defendants.     │
│                             │
└─────────────────────────────┘
```

[Plaintiff's complaint dismissed pursuant to Fed. R. Civ. P. 8 and 12(h)(3); Plaintiff granted leave to amend his complaint.]

Dated: August 4, 2009

Robert Joseph Grills, Jr., Plaintiff, appearing *pro se*.

Shook, Hardy & Bacon L.L.P. (C. Ryan Jones, Daniel F. Molony and Joshua R. Brown) for Defendants.

OPINION

POGUE, Judge[1]: Plaintiff Robert Joseph Grills, Jr. ("Grills"), a life-long smoker, brings this action against defendants Philip Morris USA, Inc. ("Philip Morris USA"), Philip Morris Inc., Philip Morris Cos. and R.J. Reynolds Tobacco Co. (collectively, "Defendants"), alleging fraud, i.e., "fraudulent misrepresentation, concealment, and nondisclosure," in the

---

[1] Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

Defendants' marketing and sales of cigarettes.

Defendant Philip Morris USA moves to dismiss Grills's Second Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Grills's asserted cause of action has been expressly preempted, under the rule of Cipollone v. Liggett Group, Inc., 505 U.S. 504, 517 (1992) and its progeny, and further asserting that Grills's complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

For the reasons explained below, the DISMISSES Grills's complaint pursuant to Fed. R. Civ. P. 8 and 12(h)(3),[2] but also GRANTS Grills one final opportunity to amend his complaint. As a consequence, the court DENIES Defendant's pending motion with leave to re-file in the event Grills's next amended complaint fails to comply with the Rules.

BACKGROUND

According to his amended complaint, Grills, a resident of Florida, began smoking at the age of 18, in 1977, when he joined the U.S. Army. Pl.'s Second Am. Compl. ¶¶ 21, 58. Grills maintains that, while in the Army, he was "subject to the defendants' illegal and fraudulent marketing techniques . . . ," Id ¶ 58, and that, since starting smoking, he has smoked Marlboro, Marlboro Light and

---

[2] According to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Doral cigarettes. Grills asserts that he "currently smokes and has an addiction to" Marlboro Lights. Id. ¶¶ 58, 59. As a result of smoking Defendants' products, Grills alleges, medical personnel at the Veteran's Administration of Ft. Myers, Florida have diagnosed him with Tobacco Use Disorder, asthma, chronic bronchitis and coughing, hypertension, angina-related heart problems and hoarseness, id. ¶¶ 61, 63, all of which cause him to take a number of prescription medications. Id. ¶ 62.

Defendants Philip Morris USA and Philip Morris Inc.[3] are subsidiary companies of Philip Morris Cos.[4] All three entities are Virginia corporations with their principal places of business in New York. Philip Morris USA is the domestic cigarette manufacturer for Philip Morris Cos., and manufactures, among other brands, Marlboro and Marlboro Light cigarettes. Defendant R.J. Reynolds Tobacco Co. ("R.J. Reynolds") is a New Jersey corporation with its principal place of business in Winston-Salem, North Carolina. R.J. Reynolds manufactures, among other brands, Camel and Doral cigarettes.

Grills, proceeding *pro se*, filed his Original Complaint[5] in

---

[3] It is unclear whether Philip Morris Inc. is a separate entity from Philip Morris USA.

[4] Philip Morris Cos. has changed its name to Altria Group, Inc. However, the court will refer to it under its former name.

[5] This complaint, one page in length, pled:

The Defendants produced and sold a product that caused

this matter, on January 11, 2008, against Philip Morris USA and Reynolds America Inc. ("RAI").[6][7] RAI filed a May 19, 2008, motion to dismiss for lack of personal jurisdiction and an August 14 motion to dismiss for lack of prosecution and failure to comply with court orders. Philip Morris USA, likewise, moved the court, on May 30, 2008, to dismiss the complaint; unlike RAI's motion, however, Philip Morris USA sought dismissal for failure to state a claim.

Judge Frazier denied RAI's motion to dismiss for lack of prosecution. District Judge Lazzara denied RAI's other motion, but granted Philip Morris USA's motion, affording Grills "one opportunity to file an amended complaint which states a cause of action." Grills v. Philip Morris USA, No. 2:08-CV-15-UA-DNF 3 (M.D. Fla. Oct. 22, 2008) (order dismissing complaint for failure to state a claim but denying motion, without prejudice, to dismiss

---

long term chronic health problems to me. [] The Defendants added chemicals which they should have known were dangerous. The products caused me to have permanent damage to my health. . . .

Pl.'s Compl. ¶¶ 4-5.

[6] RAI is the parent holding company for R.J. Reynolds, organized under the laws of North Carolina with its principal place of business in Winston-Salem, North Carolina.

[7] Grills moved, on March 1st, for leave to add the U.S. Army as a defendant; this motion was granted by U.S. Magistrate Judge Frazier, however Grills did not file an amended complaint in the time allotted by the court, and it does not appear that Grills has subsequently named the Army as a defendant in this case.

case for want of personal jurisdiction).

Grills filed his First Amended Complaint[8] against the same defendants on November 5. RAI re-moved to dismiss the case for lack of jurisdiction, and Philip Morris USA re-moved to dismiss for failure to state a claim. On November 21, Judge Lazarra again granted Philip Morris USA's motion, finding Grills' First Amended Complaint "woefully deficient." Grills v. Philip Morris USA, No. 2:08-CV-15-UA-DNF 1 (M.D. Fla. Nov. 21, 2008) (order dismissing complaint for failure to state a claim but denying motion, without prejudice, to dismiss case for want of personal jurisdiction). Judge Lazarra further stated:

> Out of an abundance of caution, however, and in recognition of Plaintiff's *pro se* status, the Court will afford him one more opportunity to file a complaint which conforms to the requirements of the Federal Rules of Civil Procedure and establishes this Court's jurisdiction over Defendant Reynolds America, Inc. Plaintiff is placed on notice that this will be his last opportunity to file a complaint and should his next complaint be found legally insufficient, the Court will dismiss this case with prejudice.

Id. 1-2. Thus, the court again denied RAI's motion. Id. 2.

---

[8] The First Amended Complaint, one page in length, pled the following:

> The defendants sold [dangerous tobacco products] in the State of Fl[orida] even after research around the world had proven these products caused many health problems. I have C.O.P.D. because of the damage from these dangerous [p]roducts. Proof of the asso[c]iation between these products and health problems is already in the Federal courts['] records from previous cases.

Pl.'s First Am. Compl. 1.

Grills filed his 29-page Second Amended Complaint, on December 29, 2008, now naming four defendants, i.e., Philip Morris USA, Philip Morris Inc., Philip Morris Cos. and R.J. Reynolds.[9] In his Second Amended Complaint, Grills alleges fraud, fraudulent misrepresentation, fraudulent concealment, nondisclosure[10] and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, on the part of Defendants, and requests $1 million in compensatory damages as well as $1 million in punitive damages.

On January 12, 2009, Defendant Philip Morris USA filed the motion that is currently before the court, arguing that Grills's asserted cause of action has been expressly preempted under the rule of Cipollone v. Liggett Group, Inc., 505 U.S. 504, 517 (1992) and its progeny, and that Grills's Second Amended Complaint fails to plead fraud with "particularity" as required by Federal Rule of Civil Procedure 9(b). Philip Morris USA also moved to dismiss

---

[9] RAI was not named as a defendant, and therefore is no longer a party to this case. See Fed. R. Civ. P. 10.

[10] Although nondisclosure is an element of fraud, see Shukla v. BP Exploration & Oil, Inc., 115 F.3d 849, 855 n.7 (11th Cir. 1997), there does not appear to be a separate action for "nondisclosure" under Florida state law in this particular context. However, "fraudulent nondisclosure" and fraudulent concealment are "interchangeable names for the same cause of action." Solorzano v. First Union Mortgage Corp., 896 So. 2d 847, 848 n.1 (Fla. Dist. Ct. App. 2005). While still reading Grills's complaint broadly, as he is a *pro se* plaintiff, see McQueen v. Tabah, 839 F.2d 1525, 1529 (11th Cir. 1988), the court reads Grills's nondisclosure claim as duplicative of his fraudulent concealment claim.

Grills's RICO claims, which Grills has voluntarily abrogated.

**DISCUSSION**

The court will address each of Philip Morris USA's contentions regarding Rule 9(b) and federal preemption.[11] Because Grills's Second Amended Complaint could possibly be saved by truthful amendment, the court will grant Grills one last opportunity to amend his complaint. Before turning to the motion to dismiss, however, the court must first discuss its subject matter jurisdiction.

## I. Subject Matter Jurisdiction

Defendant Philip Morris USA has not challenged the court's jurisdiction; nonetheless, the court is "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotations and citation omitted) (italics added).

To provide jurisdiction, in his Second Amended Complaint, Grills asserts that his complaint raises a federal question, under 28 U.S.C. § 1331, because he asserts a RICO claim.[12] Grills also asserts that the court has supplemental jurisdiction, under 28

---

[11] As is explained below, the court also concludes that it lacks jurisdiction to hear Grills's complaint as currently stated.

[12] Federal Rule of Civil Procedure 8(a)(1) requires that, to be adequate, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

U.S.C. § 1367, over his remaining common-law fraud claims. But Grills has dismissed any RICO claim; it follows that Grills has now dismissed all federal claims against Defendants and therefore may no longer claim federal question jurisdiction under 28 U.S.C. § 1331.

The court notes, however, that all entities in this action appear to be citizens of the United States, and that the court may have federal diversity jurisdiction, in accordance with 28 U.S.C. § 1332, over actions involving "citizens of different states"[13] where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[14]

"The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Grills has sufficiently alleged that Defendants are citizens of New Jersey, New York, North Carolina and Virginia. However, although complete diversity could exist in this case, Grills fails to sufficiently allege his own citizenship in Florida.[15] He alleges his "mailing

---

[13] Section 1332 provides that a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

[14] As Grills demands at least $75,000 in damages, he potentially meets the monetary requirement as well.

[15] For an individual, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled

address" in Fort Myers, Florida, see Pl.'s Second Am. Compl. ¶ 9; however, allegations of residency, much less a "mailing address," are insufficient to plead Grills's citizenship of the state of Florida. See Beavers v. A. O. Smith Elec. Prods. Co., 265 F. App'x 772, 777 (11th Cir. 2008) (per curiam) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)); Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984) (per curiam); see also Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("when jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'") (quoting 2A James Wm. Moore et al., Moore's Federal Practice § 8.10 at 1662 (2d ed. 1976); McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)). Thus, to comply with Rule 8 and correctly invoke this court's diversity jurisdiction, Grills must affirmatively plead section 1332 as well as allege his citizenship in Florida. Failure to correctly invoke jurisdiction results in dismissal pursuant to Fed. R. Civ. P. 12(h)(3). See Parra v. Sec'y, Dep't of Homeland and Sec., No. 6:08-cv-437-Orl-19GJK, 2009 U.S. Dist. LEXIS 20766, at *7

---

within the State." Newman-Green, 490 U.S. at 828 (emphasis in original). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (citation and quotation marks omitted).

9

(M.D. Fla. Mar. 2, 2009) (citing Leisure v. Hogan, 21 F. App'x 277, 278 (6th Cir. 2001); Anderson v. United States, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002)); see also Seagraves v. Harris, 629 F.2d 385, 389 (5th Cir. 1980).

In this situation, however, Grills's pleading imperfection does not require final dismissal of his complaint with prejudice. According to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." See also Newman-Green, 490 U.S. at 830. "[L]eave to amend pleadings shall be freely given when justice so requires." Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1270 (11th Cir. 2000) (per curiam). Further, "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984) (citing Miller v. Stanmore, 636 F.2d 986, 990 (5th Cir. 1981); Seagraves, 629 F.2d at 390; 3 Moore et al., supra, ¶ 15.09); see also Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997) ("Such amendments [to cure defective allegations of jurisdiction] will be freely permitted where necessary to avoid dismissal on purely technical grounds" unless "the record clearly indicates that the complaint could not be saved by any truthful amendment . . . .").

Thus, the court should allow Grills to amend his complaint to allege federal diversity jurisdiction unless the complaint cannot